Michele R. Stafford, Esq. (SBN 172509)
Blake E. Williams, Esq. (SBN 233158)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mstafford@sjlawcorp.com
bwilliams@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| F.G. CROSTHWAITE, et al.<br><br>Plaintiffs,<br><br>v.<br><br>FREMONT PAVING COMPANY, INC., a California Corporation, et al.,<br><br>Defendants. | Case No.: C11-4417-JSW<br><br>**PLAINTIFFS' CASE MANAGEMENT CONFERENCE STATEMENT and REQUEST TO CONTINUE CASE MANAGEMENT CONFERENCE; [PROPOSED] ORDER THEREON**<br><br>Date: April 6, 2012<br>Time: 1:30 p.m.<br>Ctrm: 11, 19th Floor<br>Judge: Honorable Jeffrey S. White |

Plaintiffs herein respectfully submit their Case Management Statement, requesting that the Case Management Conference, currently on calendar for April 6, 2012, be continued for approximately 60 – 90 days.

1. As the Court's records will reflect, this action was filed on September 6, 2011, to compel Defendants to comply with their Collective Bargaining Agreement.

2. As the Court's records will further reflect, service of process on Defendants was effectuated as follows: Fremont Paving Company and Ellen Marie Lebon were served on September 12, 2011; Donald Allen Lebon was served on September 14, 2011; Joseph James Lebon was served on October 7, 2011. Proofs of Service of Summons were filed with the Court on October 4, 2011 (Dkt. #9) and October 7, 2011 (Dkt. #11).

3. Robert E. Carey, Jr., of Carey & Carey Law Corporation advised Plaintiffs' counsel that he was retained to represent the Defendants in this matter, and requested an extension of time

to answer or otherwise respond to the Complaint, to November 18, 2011. Plaintiffs' counsel granted that request, and executed a Stipulation to that effect on October 12, 2011. Since then, Plaintiffs' counsel granted Defendants an additional extension of time to answer or otherwise respond to the Complaint. Defendant's counsel recently prepared and advised that he intended to file a Motion to Dismiss relative to some of the individual defendants. The parties are attempting to work out a resolution to the issues posed in the Motion to dismiss, which may include dismissal of one or more of the individual defendants. Information as to respective liability is being exchanged.

4. Defendants were unaware of the extent of their debt to the Trust Funds as the individual responsible for payment of Trust Fund contributions had been systematically converting the contributions for her own use. Due to this unusual fact pattern, discovery is being done informally and cooperatively.

5. The Secret Service has been investigating this matter, and is preparing to present an indictment request to the Grand Jury. Plaintiffs counsel has worked with this particular agent, to assist her in compiling the information required to prosecute the responsible individual. Although recovery of funds is unlikely, prosecution will likely commence shortly.

6. In addition, Defendants have filed a lawsuit against the various financial institutions that cashed the checks presented by the embezzler, on the theory that the checks should have never been honored as written. Defendants are hopeful that a resolution may be reached which will allow funds to be paid to Plaintiffs herein.

7. Defendants have met with both the EDD and the IRS relative to the debt owed to these entities. The individual who embezzled from Fremont Paving (the granddaughter of the owners no less) also failed to pay any required payroll or other taxes. The defendants have worked diligently with the EDD and IRS and have worked out some, but not all of the issues. Defendants do not want to enter into a payment plan with Plaintiffs herein without knowing what their payment plan will be with the other entities as they do not know what their cash flow will allow. There is an additional $400,000+ owed to other entities, and more than that amount owed to Plaintiffs herein.

8. There are no issues that need to be addressed at the currently scheduled Case Management Conference. In the interest of conserving costs as well as the Court's time and resources, Plaintiffs respectfully request that the Case Management Conference, currently scheduled be continued for 60-90 days. Pursuant to the Defendants' counsel's representation, the IRS will have an agreement for Defendants within that time frame. The parties have been discussing other options (such as stipulating to a lump sum judgment) which may resolve the matter earlier.

Dated: March 29, 2012

SALTZMAN & JOHNSON
LAW CORPORATION

By: _____/S/_____
Michele R. Stafford
Attorneys for Plaintiffs

IT IS SO ORDERED.

Based on the foregoing, and GOOD CAUSE APPEARING, the currently set Case Management Conference is hereby continued to June 29, 2012 at 1:30 p.m. All related deadlines are extended accordingly.

Date: April 5, 2012

_____
THE HONORABLE JEFFREY S. WHITE
UNITED STATES DISTRICT COURT JUDGE

-3-
**PLAINTIFFS' CASE MANAGEMENT CONFERENCE STATEMENT**
**Case No.: C11-4417-JSW**