1 | Michele R. Stafford, Esq. (SBN 172509)
Blake E. Williams, Esq. (SBN 233158)
2 | SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
3 | San Francisco, CA 94104
(415) 882-7900
4 | (415) 882-9287 – Facsimile
mstafford@sjlawcorp.com
5 | bwilliams@sjlawcorp.com

6 | Attorneys for Plaintiffs

7

8 | UNITED STATES DISTRICT COURT

9 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

10 | F.G. CROSTHWAITE and RUSSELL E. BURNS, in their respective capacities as Trustees, of the OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; et al. | Case No.:  C11-4417-JSW

**JUDGMENT PURSUANT TO STIPULATION**

13 | Plaintiffs,

14 | v.

15 | FREMONT PAVING COMPANY, INC., a California Corporation; et. al.

16 | Defendants.

17

18 | IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment may be

19 | entered in the within action in favor of the Plaintiffs F.G. CROSTHWAITE, et al. ("Plaintiffs" or

20 | "Trust Funds"), and against Defendant FREMONT PAVING COMPANY, INC., a California

21 | corporation, and/or alter egos and/or successor entities as follows:

22 | 1.      Defendant entered into a valid Collective Bargaining Agreement with the

23 | Operating Engineers Local 3 Trust Funds (hereinafter "Bargaining Agreement"). This Bargaining

24 | Agreement has continued in full force and effect to the present time.

25 | ///

26 | ///

27 | ///

28 | ///

P:\CLIENTS\OE3CL\Fremont Paving Company Inc\Pleadings\C11-4417-JSW - UPDATED Judgment Pursuant to Stipulation - 091112a.DOC

2.      Defendant has become indebted to the Trust Funds as follows:

| Time period | Contribution Balances | Liquidated Damages* | 10% Interest** | |
|---|---|---|---|---|
| Dec-08 | 0.00 | 878.50 | 58.66 | |
| May-09 | 0.00 | 2,922.55 | 222.67 | |
| Aug-09 | 0.00 | 0.00 | 75.22 | |
| Sep-09 | 0.00 | 3,006.22 | 164.33 | |
| Dec-09 | 0.00 | 958.81 | 5.26 | |
| Jan-10 | 0.00 | 819.23 | 65.08 | |
| Feb-10 | 0.00 | 801.47 | 10.98 | |
| Mar-10 | 0.00 | 776.80 | 61.72 | |
| Apr-10 | 0.00 | 1,125.17 | 83.23 | |
| May-10 | 0.00 | 1,693.20 | 191.39 | |
| Jun-10 | 0.00 | 1,829.70 | 406.03 | |
| Jul-10 | 0.00 | 1,969.95 | 1,203.02 | |
| Aug-10 | 0.00 | 2,392.68 | 1,372.41 | |
| Sep-10 | 0.00 | 5,832.53 | 1,673.58 | |
| Oct-10 | 0.00 | 6,623.56 | 2,550.85 | |
| Nov-10 | 20,130.73 | 5,667.99 | 3,593.58 | |
| Dec-10 | 15,574.65 | 3,683.97 | 2,353.11 | |
| Jan-11 | 18,956.19 | 4,478.61 | 2,703.02 | |
| Feb-11 | 18,450.69 | 4,362.35 | 2,489.45 | |
| Mar-11 | 16,446.63 | 3,889.83 | 2,079.31 | |
| Apr-11 | 19,081.74 | 4,511.85 | 2,255.68 | |
| May-11 | 21,335.28 | 5,046.42 | 2,340.95 | |
| Jun-11 | 23,891.43 | 5,647.17 | 2,425.03 | |
| Jul-11 | 21,128.00 | 4,945.60 | 1,965.05 | |
| Aug-11 | 19,072.69 | 4,347.23 | 1,570.76 | |
| Sep-11 | 10,107.71 | 2,368.52 | 771.24 | |
| Oct-11 | 0.00 | 2,268.38 | 119.41 | |
| May-12 | 0.00 | 1,002.87 | 23.28 | |
| *Subtotals:* | *$204,175.74* | *$83,851.16* | *$32,834.30* | |

| | |
|---|---|
| Total Contributions, Liquidated Damages, Interest (12/08-5/12): | $320,861.20 |
| Attorneys Fees (through 9/6/12): | $32,337.50 |
| Costs (through 9/6/12) [Complaint ($350.00); Service of Process ($344.50); Investigation ($750.00)]: | $1,444.50 |
| *TOTAL DUE:* | *$354,643.20* |

*Liquidated damages have been calculated as follows: *12/08-8/10:* 10% of delinquent contributions owed to each Trust Fund/Bargained Plan (except for The Vacation and Holiday Pay Plan and union dues, which accrue no liquidated damages), as contributions were late paid prior to the filing of the Complaint in this matter; *9/10-10/11; 5/12:* 20% of contributions reported due, as contributions were unpaid as of the filing of the Complaint, and either late paid thereafter or remain unpaid to date.

** Interest has been calculated as follows: 10% per annum on the contributions which are assessed liquidated damages, from the 26th day of each month in which the contributions were due, through the date of receipt of payment (if late paid) or through 8/28/12 (if unpaid).

3.      Defendant shall *conditionally* pay **$241,371.68**, representing all of the above amounts, less liquidated damages and interest in the amount of $113,271.52. Liquidated damages and interest for October 2011 and May 2012 contributions ($3,413.94) remain due and are not subject to the conditional waiver. ***This waiver is expressly conditioned upon timely compliance with all of the terms of this Stipulation*** as follows:

(a)     Beginning on or before October 15, 2012, and continuing on or before the 15th day of each month thereafter for a period of eleven (11) months thereafter through September 15, 2013 (for a total of 12 months), Defendant shall pay to Plaintiffs the amount of **$4,000.00** per month; beginning on October 15, 2013 and on or before the 15th day of each thereafter, for a period of twenty three (23) months through September 15, 2015 (for a total of 24 months), Defendant shall pay to Plaintiffs the amount of **$9,925.00** per month. Payments may be made by joint check, cashier's check or other irrevocable form of payment to be endorsed prior to submission.

(b)     Defendant shall have the right to increase the monthly payments at any time and there is no penalty for prepayment;

(c)     Payments shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance shall bear interest at the rate of 10% per annum, <u>from August 29, 2012</u>, in accordance with the Collective Bargaining Agreement and Plaintiffs' Trust Agreements;

(d)     Payments shall be made payable to the "***Operating Engineers' Trust Fund***," and delivered to Michele R. Stafford, Esq. at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or to such other address as may be specified by Plaintiffs, **to be <u>received</u> on or before the 15th day of each month**;

(e)     Defendant has filed a State Court action, Case Number HG12616922, in the Alameda County Superior Court (hereinafter "Action").  The Action was filed against Fremont Bank, Patelco Credit Union, the Operating Engineers Federal Credit Union and Brittany Lebon, relative to funds that were embezzled by Brittany Lebon. Said funds were intended to be paid to Plaintiffs herein and/or to the Laborer's Trust Funds, another ERISA governed Trust Fund.

1   Defendant expressly agrees (subject to the terms of any agreement entered into prior to the date

2   that this agreement is signed between Defendant and their counsel of record in the State Court

3   Action relative to attorney's fees and costs) that if any funds are recovered against any or all of the

4   named defendants in the Action, those funds shall be split on a pro rata basis between Plaintiffs

5   and the Laborers Trust Funds. Any amounts paid to Plaintiffs herein will be applied to the balance

6   due under this Stipulation.

7           (f)     Plaintiffs have filed a Motion for Default Judgment in this action against

8   Brittany Lebon. Should any funds be recovered from Ms. Lebon, they shall be applied to the

9   balance due under this Stipulation. If requested, Defendant agrees to provide any necessary

10  Declarations or other evidence in support of Plaintiffs' Motion.

11          (g)     Defendant shall pay all additional costs and attorneys' fees incurred by

12  Plaintiffs in connection with collection and allocation of the amounts owed by Defendant to

13  Plaintiffs under this Stipulation, regardless of whether or not there is a default herein.

14          (h)     Prior to September 15, 2015, the deadline for Defendant's last monthly

15  payment toward the conditional balance owed under the Stipulation, Plaintiffs shall notify

16  Defendant in writing of the final amount due, including interest and additional attorneys' fees and

17  costs, as well as any other amounts due under the terms herein. All additional amounts due

18  pursuant to the provisions hereunder shall be paid in full with the final stipulated payment on

19  September 15, 2015.

20          (i)     Upon bank clearance of Defendant's last payment of the conditional

21  balance and upon confirmation that Defendant's account is otherwise current, Plaintiffs will file a

22  Notice of Satisfaction of Judgment with the Court. Said Satisfaction shall be filed no later than

23  November 15, 2015.

24          (j)     Failure to comply with any of the above terms shall also constitute a

25  default of the obligations under this Agreement and the provisions of ¶12 shall apply.

26      4.      Beginning with contributions due for hours worked by Defendant's employees

27  during the month of August 2012, which delinquent if not received by September 25, 2012, and

28  for every month thereafter, Defendant **shall remain current in reporting and payment of any**

1  **contributions** due to Plaintiffs under the current Collective Bargaining Agreement and under all

2  subsequent Collective Bargaining Agreements, if any, and the Declarations of Trust as amended.

3  **Defendant shall submit a copy of the contribution report for each month, together with a**

4  **copy of that payment check, either by email to both mstafford@sjlawcorp.com and**

5  **ethurman@sjlawcorp.com, or by facsimile to Michele R. Stafford at 415-882-9287, or to such**

6  **other fax number as may be specified by Plaintiffs, _prior to or concurrent with sending the_**

7  **_payment to the Trust Fund office._** Failure by Defendant to timely submit copies of current

8  contribution reports and payments to Michele R. Stafford as described above shall constitute a

9  default of the obligations under this agreement.

10      5.      Defendant shall make full disclosure of all jobs on which they are working by

11  providing Plaintiffs with an ongoing and updated list of jobs including, but not limited to, the

12  name and address of job, general contractor information, certified payroll if a public works job,

13  and period of work. **Defendant shall submit said updated list each month together with the**

14  **contribution report (as required by this Stipulation) either by email to both**

15  **mstafford@sjlawcorp.com and ethurman@sjlawcorp.com, or by facsimile to Michele R.**

16  **Stafford at 415-882-9287.** This requirement remains in full force and effect regardless of whether

17  or not Defendant has ongoing work. In this event, Defendant shall submit a statement stating that

18  there are no current jobs. A blank job report form is attached hereto as *Exhibit A* for Defendant's

19  use. **To the extent that Defendant is working on a Public Works job, or any other job for**

20  **which Certified Payroll Reports are required, at Plaintiffs' request, copies of said Reports**

21  **will be emailed or faxed to Michele R. Stafford, concurrently with their submission to the**

22  **general contractor, owner or other reporting agency.** Failure by Defendant to timely submit

23  updated job lists shall constitute a default of the obligations under this agreement.

24      All jobs must be reported under this provision, whether or not there are Operating

25  Engineers working on the jobs.

26      Plaintiffs agree not to initiate contact with the general contractors on the jobs listed

27  regarding Defendant, unless Defendant is not current with its obligations under the terms of this

28  Agreement. Notwithstanding this fact, contact is permitted if it is in regard to a release or current

1    status letter requested by Defendant. To the extent that Plaintiffs are contacted by a general

2    contractor directly, Plaintiffs will advise Defendant through their counsel of record before

3    responding.

4         6.    Failure by Defendant to remain current in reporting or payment of contributions

5    shall constitute a default of the obligations under this agreement. Any such unpaid or late paid

6    contributions, together with 20% liquidated damages and 10% per annum interest accrued on

7    contributions, shall be added to and become a part of this Judgment and subject to the terms

8    herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreement and

9    Declarations of Trust of the Trust Funds for collection of current and future contributions, and for

10   any additional past contributions not included herein as may be determined by Plaintiffs, pursuant

11   to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement

12   are in addition thereto. Defendant specifically waives the defense of the doctrine *res judicata* as to

13   any such additional amounts determined as due.

14        7.    **Audit:** Should the Trust Funds request an audit of Defendant's payroll records in

15   order to confirm proper reporting and payment of contributions pursuant to the Bargaining

16   Agreement, any failure by Defendant to comply with said request shall constitute a default of the

17   obligations under this Agreement.

18        (a)    In the event that Defendant has an audit in progress, but not yet complete

19   (and thus not included herein), and amounts are found due, Plaintiffs shall send a written demand

20   to Defendant by first class mail for payment in full of the amounts found due in the audit,

21   including contributions, liquidated damages, interest and audit fees.

22        (b)    Defendant will be provided with ten (10) days in which to review the audit,

23   and provide evidence to contest the findings in the event that Defendant does not agree with the

24   total found due. Once the ten (10) day review period expires, in the event that the audit is not

25   contested, payment in full shall be delivered to Michele R. Stafford.

26        (c)    If the audit is contested, and Defendant provides documentation in support

27   of the dispute, Defendant shall be notified as to whether revisions will be made to the audit. If

28   revisions are not made, payment will be immediately due.

1         (d)     If revisions are made to said audit as a result of the dispute, payment in full

2 of the revised amount shall be due within ten (10) days of the revised billing.

3         (e)     If Defendant is unable to make payment in full, Defendant may submit a

4 written request to revise this Judgment, modifying the payment plan (by monthly amount and/or

5 payment term), to add the amounts found due in the audit to this Judgment, subject to the terms

6 herein. If the Judgment is so revised, Defendant shall execute the Amended Judgment or

7 Amendment to Judgment within ten (10) days of Plaintiffs' preparation of said Amended

8 Judgment or Amendment to Judgment. Failure to execute the revised agreement shall constitute a

9 default of the terms herein.

10         (f)     Failure by Defendant to submit either payment in full or a request to add the

11 amounts due to this Judgment within ten (10) days of the date of Plaintiffs demand shall constitute

12 a default of the obligations under this agreement. All amounts found due on audit shall

13 immediately become part of this Judgment.

14       8.     In the event that any check is not timely submitted, is submitted by Defendant but

15 fails to clear the bank, or is unable to be negotiated for any reason for which Defendant is

16 responsible, this too shall be considered to be a default on the Judgment entered. If Defendant fails

17 to submit their contribution reports, and/or certified payroll reports (if any) and/or job lists, and/or

18 fails to comply with *any* of the terms of the Stipulation herein, this too shall constitute a default.

19 If Defendant herein defaults in payment of its monthly stipulated payment two (2) times during

20 any six (6) month period, the condition for waiver of liquidated damages and interest shall not

21 have been met, and all such amounts will be due and payable.

22       9.     ELLEN MARIE LEBON acknowledges that she is the RMO/CEO/President of

23 FREMONT PAVING COMPANY, INC., and that she is authorized to enter into this Stipulation

24 on its behalf.

25       10.     ELLEN MARIE LEBON and DONALD ALAN LEBON acknowledge that they

26 are personally guaranteeing all amounts due under the terms of the Stipulated Judgment.

27 Defendant and all successors in interest, assignees, and affiliated entities (including, but not

28 limited to parent or other controlling companies), and any companies with which Defendant joins

or merges, if any, shall also be bound by the terms of this Stipulation as Guarantors. This shall include any additional entities in which ELLEN MARIE LEBON and/or DONALD ALAN LEBON, is an officer, owner or possesses any ownership interest. Defendant, Guarantors, and all such entities specifically consent to the Court's jurisdiction, in writing at the time of any assignment, affiliation or purchase, as well as all other terms herein.

11.     If a default occurs, Plaintiffs shall make a written demand, sent to Defendant/Guarantors directly at 38370 Cedar Blvd., Newark, California to cure said default. A copy of said demand shall be sent to Defendant's counsel of record, Robert Carey, Esq. by email. Default will only be cured by the issuance of a replacement, cashier's check (if the default is caused by a failed check) to be delivered to Saltzman and Johnson Law Corporation within ten (10) days of the date of the notice from Plaintiffs. If Defendant/Guarantors elect to cure said default, and Plaintiffs elect to accept future payments, all such payments shall be made by cashier's check if the default is caused by a failed check. Notwithstanding the fact that a default may be cured as set forth herein, if Defendant defaulted two (2) times within a six (6) month period as set forth in ¶8 above, all conditionally waived liquidated damages and interest shall become part of the Judgment and due and payable pursuant to its terms. This shall occur even if the default(s) are cured within the time period specified.

12.     In the event the default is not cured, all amounts remaining due hereunder (including any conditionally waived amounts), as well as any additional amounts due pursuant to the terms herein, shall be due and payable on demand by Plaintiffs as follows:

(a)     The entire amount of $354,643.20 plus interest, reduced by principal payments received by Plaintiffs, including the payment described in ¶2, but increased by any unpaid contributions then due, plus 20% liquidated damages and 10% per annum interest thereon, shall be immediately due, together with any additional attorneys' fees and costs incurred in this action, including those identified under section (d) below;

(b)     A Writ of Execution may be obtained against Defendant/Guarantors without further notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration by a duly authorized representative of the Plaintiffs setting forth

1   any payment theretofore made by or on behalf of Defendant/Guarantors and the balance due and

2   owing as of the date of default. <u>Defendant/Guarantors specifically consent to the authority of a</u>

3   <u>Magistrate Judge for all proceedings, including, but not limited to, Plaintiffs' obtaining a Writ of</u>

4   <u>Execution</u>;

5       (c)  Defendant/Guarantors waive notice of Entry of Judgment and expressly

6   waive all rights to stay of execution and appeal. The declaration or affidavit of a duly authorized

7   representative of Plaintiffs as to the balance due and owing as of the date of default shall be

8   sufficient to secure the issuance of a Writ of Execution;

9       (d)  Defendant/Guarantors shall pay all additional attorneys' fees and costs

10  incurred by Plaintiffs in connection with this matter, including those incurred for collection and

11  allocation of the amounts owed by Defendant to Plaintiffs under this Stipulation. The additional

12  attorneys' fees and costs shall be paid by Defendant/Guarantors as set forth above, regardless of

13  whether or not Defendant defaults under the terms of this Stipulation.

14    13.  Any failure on the part of the Plaintiffs to take any action against

15  Defendant/Guarantors as provided herein in the event of any breach of the provisions of this

16  Stipulation shall not be deemed a waiver of any subsequent breach by the Defendant/Guarantors of

17  any provisions herein.

18    14.  In the event of the filing of a bankruptcy petition by Defendant/Guarantors, the

19  parties agree that any payments made pursuant to the terms of this Judgment, shall be deemed to

20  have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2)

21  and shall not be claimed as a preference under 11 U.S.C. Section 547 or otherwise.

22  Defendant/Guarantors nevertheless represents that no bankruptcy filing is anticipated.

23    15.  This Stipulation is limited to the agreement between the parties with respect to the

24  delinquent contributions and related sums enumerated herein, owed by Defendant to the Plaintiffs.

25  This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendant

26  acknowledges that the Plaintiffs expressly reserve their right to pursue withdrawal liability claims,

27  if any, against Defendant as provided by the Plaintiffs' Plan Documents, Trust Agreements

28  incorporated into their Collective Bargaining Agreement, and the law.

16.     Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

17.     This Stipulation contains all of the terms agreed by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

18.     This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

19.     The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

All parties represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, and that they enter into this Stipulation voluntarily and without duress.

Dated: September 13, 2012         **FREMONT PAVING COMPANY, INC., a California Corporation**

By: _____/S/_____
    Ellen Marie Lebon
    RMO/CEO/President

Dated: September 13, 2012         **ELLEN MARIE LEBON**

By: _____/S/_____
    Ellen Marie Lebon
    Individually, as Guarantor

Dated: September 13, 2012         **DONALD ALAN LEBON**

By: _____/S/_____
    Donald Alan Lebon
    Individually, as Guarantor

P:\CLIENTS\OE3CL\Fremont Paving Company Inc\Pleadings\C11-4417-JSW - UPDATED Judgment Pursuant to Stipulation - 091112a.DOC

1   Dated: September 13, 2012          **OPERATING ENGINEERS LOCAL 3 TRUST FUNDS**

2

3                                      By: _____/S/_____
                                           David E. Hayner
4                                          Collections Manager

5   Dated: September 14, 2012          **SALTZMAN & JOHNSON LAW CORPORATION**

6

7                                      By: _____/S/_____
                                           Michele R. Stafford
8                                          Attorney for Plaintiffs

9          **APPROVED AS TO FORM.**

10  Dated: September 14, 2012          **CAREY & CAREY A LAW CORPORATION**

11

12                                     By: _____/S/_____
                                           Robert E. Carey, Jr., Esq.
13                                         Attorneys for Defendant and Guarantors

14          **IT IS SO ORDERED.   IT IS FURTHER ORDERED** that all dates on calendar in this

15  matter regarding Defendant Fremont Paving Company, Inc., including the Motion for Summary

16  Judgment set for hearing on October 12, 2012, are vacated. The Motion for Default Judgment

17  hearing as to Defendant Brittany Lebon, and associated deadlines shall remain on calendar.

18  Dated: _____ September 17, 2012

19                                     HONORABLE JEFFREY S. WHITE
                                       United States District Judge

20

21

22

23

24

25

26

27

28

P:\CLIENTS\OE3CL\Fremont Paving Company Inc\Pleadings\C11-4417-JSW - UPDATED Judgment Pursuant to Stipulation - 091112a.DOC

# *Exhibit A*

## *JOB REPORT FORM*
*** **Updated report must be emailed to <u>mstafford@sjlawcorp.com</u> or faxed to Michele R. Stafford Esq., at (415) 882-9287 on or before the <u>LAST BUSINESS DAY</u> of each month ***

Employer Name: **FREMONT PAVING COMPANY, INC.**

Report for the month of _____ year of _____Submitted by (name): _____

| | | | |
|---|---|---|---|
| Project Name: | | | |
| Project Address: | | | |
| General Contractor: | | | |
| General Contractor Address/Tel. #: | | | |
| Contract #: | | Date of Contract: | |
| Total Value of Contract: | | | |
| Work Start Date: | | Work Completion Date: | |

| | | | |
|---|---|---|---|
| Project Name: | | | |
| Project Address: | | | |
| General Contractor: | | | |
| General Contractor Address/Tel. #: | | | |
| Contract #: | | Date of Contract: | |
| Total Value of Contract: | | | |
| Work Start Date: | | Work Completion Date: | |

| | | | |
|---|---|---|---|
| Project Name: | | | |
| Project Address: | | | |
| General Contractor: | | | |
| General Contractor Address/Tel. #: | | | |
| Contract #: | | Date of Contract: | |
| Total Value of Contract: | | | |
| Work Start Date: | | Work Completion Date: | |

*** *Attach additional sheets as necessary* ***

-1-
**EXHIBIT A TO JUDGMENT PURSUANT TO STIPULATION**
**Case No.:  C11-4417-JSW**

P:\CLIENTS\OE3CL\Fremont Paving Company Inc\Pleadings\C11-4417-JSW - UPDATED Judgment Pursuant to Stipulation - 091112a.DOC